**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**STEVEN DEGRAFF,**

      **Plaintiff,**

**v.**                                                                    **No. 10-cv-0988 JAP/SMV**

**NEW MEXICO DEPARTMENT**
**OF CORRECTIONS;**
**GREGG MARCANTEL, Secretary**
**of Corrections, in his official capacity;**
**DEANNA HOISINGTON, Warden of**
**Western New Mexico Correctional Facility;**

      **Defendants.**

## ORDER TO SUBMIT *MARTINEZ* REPORT

THIS MATTER is before the Court sua sponte. Plaintiff brought suit against Defendants pursuant to 42 U.S.C. § 1983 seeking injunctive relief. Complaint [Doc. 1.] at 6.  Specifically, Plaintiff seeks a nutritionally sufficient kosher diet while incarcerated and a declaration that the denial of such diet violates the Religious Land Use and Institutionalized Persons Act of 2000. *Id.* In order to develop a record sufficient to ascertain whether there are any factual or legal bases for Plaintiff's claims, Defendants are **ORDERED** to submit materials that will help this Court resolve Plaintiff's claims, in the form of a *Martinez* report, as explained herein.

Because this case only was recently assigned to the Court's docket, the Court held a telephonic status conference on February 24, 2012. Clerk's Minutes [Doc. 41].  At the hearing, Plaintiff asserted that he had followed the proper procedures for requesting the kosher diet but had been denied. *Id.* at 1–2.  Plaintiff further represented that after the denial, he followed the applicable grievance procedures but was again denied. *Id.*  Counsel for Defendants, Ms. Harris, asserted that

Plaintiff had failed to submit the requisite follow-up request for kosher meals when he was transferred to his current facility, the Guadalupe County Detention Center ("GCDC").  *Id.* at 2.  Ms. Harris argued that Plaintiff must re-request kosher meals any time he moves to a new facility.  *Id.*  Plaintiff represented that he has requested kosher meals at GCDC but has been denied.  *Id.*  So that the Court may assess the legal and factual bases of Plaintiff's claims, Defendants are ordered to provide a *Martinez* report.

In a suit brought by a pro se prisoner, the Court may order the defendants to investigate the incident underlying the suit and to submit a report of the investigation, known as a "*Martinez* report."  *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *see Martinez v. Aaron*, 570 F.2d 317, 319–20 (10th Cir. 1978) (affirming the propriety and necessity of such reports).  The *Martinez* report assists the Court in determining whether there is a factual and legal basis for the prisoner's claims.  *Hall*, 935 F.2d at 1109.  The Court may use the *Martinez* report in a variety of procedural situations, including when deciding whether to grant summary judgment, either on motion or sua sponte*.  Id.* at 1109-10; *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (noting that district courts have the power to enter summary judgment *sua sponte*, as long as the opposing party was on notice that she had to come forward with all her evidence).  However, the prisoner must be given an opportunity to present evidence to controvert the facts set out in the report.  *Hall*, 935 F.2d at 1109.

### Directions for Preparing the *Martinez* Report

Defendants' *Martinez* report must address the allegations against them as well as any defenses raised in their answer that they wish to pursue. Defendants must abide by the following instructions in preparing their report.

1)  The report must include a written brief that discusses Plaintiff's claims.  Factual assertions in the briefs must be supported by proof, such as affidavits or documents.  *See Hayes v. Marriott*, 70 F.3d 1144, 1147–48 (10th Cir. 1995).

2)  The report must state whether records pertaining to the allegations exist.

3)  The report must state whether policies or regulations addressing the allegations exist.

4)  If relevant records, policies, or regulations do exist, copies must be included as attachments to the reports.  The attachments should be arranged in a logical order and must be properly authenticated by affidavits.  *See Farmers Alliance Mut. Ins. Co. v. Naylor*, 452 F. Supp. 2d 1167, 1176–77 (D.N.M. 2006).

The *Martinez* report must be filed and served on Plaintiff no later than **April 30, 2012**.  Plaintiff must file his response or objections to the report no later than **May 30, 2012**.  Defendants must file their reply, if any, no later than **June 13, 2012**.  **The parties are hereby given notice that the *Martinez* report may be used in deciding whether to grant summary judgment, either by motion or sua sponte.  Therefore, the parties should submit whatever materials they consider relevant to Plaintiff's claims.**

**IT IS SO ORDERED.**

_____
STEPHAN M. VIDMAR
United States Magistrate Judge