IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**STEVEN DEGRAFF,**

    **Plaintiff,**

**v.**                                                                                          **No. 10-cv-0988 JAP/SMV**

**NEW MEXICO DEPARTMENT**
**OF CORRECTIONS, et al.,**

    **Defendants.**

**ORDER DENYING MOTION FOR AN INTERMEDIARY**

THIS MATTER is before the Court on an Untitled Motion [Docs. 46] ("Motion for Intermediary"). Defendants have not responded to the motion. The Court, being fully advised in the premises, FINDS that the Motion is not well-taken and should be DENIED.

In the underlying complaint, brought pursuant to 42 U.S.C. § 1983, Plaintiff[1] seeks a nutritionally sufficient kosher diet while incarcerated. Complaint [Doc. 1.] at 6. In the motion at bar, Plaintiff requests that the Court "provide a reasonable alternative to assist in the preparation of legal documents [such] as an intermediary [such] as Mr. Carlos Davis,[2] a foreign legal consultant." Motion for Intermediary [Doc. 46] at 1. Without citing any authority, Plaintiff asserts that he has a fundamental constitutional right to communication with "legal workers," and therefore, the Court

---

[1] Plaintiff is appearing pro se and proceeding *in forma pauperis*. *See id.* (pro se); Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915(b), and to Make Payments or Show Cause [Doc. 3] (*in forma pauperis*).

[2] Mr. Davis sent two letters to the Court, one of which relates to this motion. Letters [Docs. 49, 51]. Mr. Davis asserts that the correctional facility housing Plaintiff has rejected the past nine letters that Mr. Davis has attempted to send to Plaintiff. Letter [Doc. 49]. Mr. Davis asserts that he is an attorney in the foreign country of Mexico but is not licensed to practice law in the state of New Mexico. He explains that, although he does not represent Plaintiff as an attorney, he does assist Plaintiff with copies, typing, and internet access. *Id.*

should appoint Mr. Davis as Plaintiff's "intermediary." *Id.* It appears that Plaintiff wants the Court to appoint Mr. Davis as an "intermediary" so that communications between Plaintiff and Mr. Davis will be treated by corrections officials with some special deference that the communications do not currently receive. Essentially, Plaintiff wants Mr. Davis to be able to continue assisting him "to prepare meaningful legal papers." *Id.* The Court FINDS that Plaintiff's motion is frivolous.[3]

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Untitled Motion [Docs. 46] ("Motion for Intermediary") is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[3] Plaintiff does not allege that his access *to the Court* is affected by the issue he raises about his "communication with legal workers." *Id.* at 1. Additionally, the record indicates that Plaintiff has submitted no fewer than sixteen filings with Court since his Complaint and has made one telephone call to the Court Clerk's office. *See* [Docs. 4, 7, 9, 11, 12, 19, 21, 28, 30, 31, 33, 34, 35, 36, 37, 46, 47, November 1, 2010 phone call]. Therefore, there is no indication that Plaintiff's intermediary claim affects his access to the Court for purposes of maintaining his kosher-diet claims.