# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**STEVEN DEGRAFF,**

      **Plaintiff,**

**v.**                                                                                                   **No. 10-cv-0988 JAP/SMV**

**NEW MEXICO DEPARTMENT
OF CORRECTIONS;
GREGG MARCANTEL, Secretary
of Corrections, in his official capacity;
DEANNA HOISINGTON, Warden of
Western New Mexico Correctional Facility;**

      **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before me sua sponte. On April 8, 2013, Plaintiff filed a Motion for Preliminary Injunction [Doc. 80]. Defendants filed their Response to Plaintiff's Motion for Preliminary Injunction . . . [Doc. 81] ("Response") on April 22, 2013. As I explain below, the Response demonstrates that the dispute underlying the Complaint [Doc. 1] has changed, thereby rendering the Complaint moot. I will therefore recommend that the Complaint [Doc. 1] be denied and that this case be dismissed without prejudice.

## PROCEDURAL HISTORY

On October 19, 2010, Plaintiff filed his Complaint [Doc. 1], requesting *inter alia* injunctive and declaratory relief that he is entitled to a nutritionally sufficient kosher diet.

Complaint [Doc. 1] at 1, 8. On April 30, 2012, Defendants filed their *Martinez* Report.[1] [Doc. 53]. On October 12, 2012, Defendants supplemented their *Martinez* Report to state that the Guadalupe County Correctional Facility ("GCCF"), where Plaintiff is incarcerated, began providing Plaintiff with a "kosher diet" in March 2012. Supplemental *Martinez* Report [Doc. 69] at 1–2. In his Response/Objections to the Supplemental *Martinez* Report [Doc. 71], Plaintiff did not dispute that he was receiving the meals, yet he maintained his request for "a nutritionally sufficient kosher diet" without specifically articulating how the meals he was receiving were insufficient. *Id.* at 1–2, 3.

On April 8, 2013, Plaintiff filed a Motion for Preliminary Injunction [Doc. 80], seeking an order from the Court that would require Defendants to supply him with kosher meals, in accordance with Jewish religious law, that are calorically sufficient. *Id.* at 4–5. In their Response, Defendants stated that Plaintiff had signed a Religious Diet Participation Agreement ("Agreement") in January 2013, which set forth that Plaintiff would abide by certain policies in exchange for participating in the New Mexico Department of Corrections' "Religious Diet Program." Response [Doc. 82] at 2; *see also* New Mexico Department of Corrections Religious Diet Participation Agreement [Doc. 82-1] at 1 (signed by Plaintiff on January 18, 2013). The Agreement stipulated in part that Plaintiff was prohibited from providing the meals received under the program to other inmates. Response [Doc. 82] at 2; *see also* Agreement [Doc. 82-1] at 1.

On March 20, 2013, GCCF issued Plaintiff a misconduct report for bartering his kosher meals. Response [Doc. 82] at 3. Accordingly, on April 15, 2013, Plaintiff's participation in the

---

[1] The Court ordered Defendants to investigate the incident underlying the suit and to submit a report of the investigation on February 28, 2012. Order to Submit *Martinez* Report [Doc. 43] at 2, 3 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *see Martinez v. Aaron*, 570 F.2d 317, 319–20 (10th Cir. 1978)).

Religious Diet Program was terminated.  *Id.*; *see also* Memorandum from J. Velasquez, Food Services Manager [Doc. 82-1] at 3.  Plaintiff has not disputed that he was terminated from the Religious Diet Program for allegedly bartering the meals.

## DISCUSSION

When the Complaint was filed, and until recently, the disputes have been whether Plaintiff's religion entitled him to a special diet and whether the meals provided were sufficient.  *See, e.g.*, Complaint [Doc. 1] at 1.  These disputes are now moot.  Indeed, even if the Court found that Plaintiff's religion entitled him to a kosher diet and to more or different food, the relief would be of no use to Plaintiff because these questions are no longer at issue.  The current dispute revolves around Defendants' termination of Plaintiff's participation in the Religious Diet Program for violating its rules when he allegedly bartered his kosher meals.  *See* Response [Doc. 82] at 3.  Plaintiff does not dispute that he was so terminated from the program.  Therefore, the original controversies are now moot,[2] and the case should be dismissed without prejudice.

## CONCLUSION

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Plaintiff's Complaint [Doc. 1] be DISMISSED without prejudice;

---

[2] Moreover, Plaintiff has not exhausted his administrative remedies with respect to the present dispute.  Prisoners filing suit under 42 U.S.C. § 1983 must abide by the exhaustion requirements of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e.  In order to exhaust administrative remedies, a prisoner must properly complete the entire administrative review process that is set forth by the prison's grievance policy at the *time of filing* the complaint.  *Jones v. Bock*, 549 U.S. 199, 218 (2007); *see also Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (A prisoner does not exhaust his administrative remedies when he fails to properly complete the grievance process or correct deficiencies in his grievances before filing a lawsuit.).  Failure to exhaust administrative remedies prohibits a federal court from considering the merits of a prisoner's claims for relief.  *Jones*, 549 U.S. at 216.  Here, Plaintiff does not argue that the present dispute—relating to Defendants' termination of Plaintiff's participation in the Religious Diet Program—was exhausted prior to filing his Complaint, nor can he. The Complaint was filed long before Plaintiff's termination from the program.  Additionally, the fact that the current dispute is unexhausted further demonstrates that it is indeed new and different from the original dispute.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Motion to Amend Complaint [Doc. 76] and Motion for Preliminary Injunction [Doc. 80] be DENIED.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**